IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIKING INSURANCE COMPANY OF WISCONSIN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>NED L. SPELLS, JR., TIMOTHY E. )<br>JOHNSON, ENTERPRISE RENT-A-CAR, )<br>BRADLEY A. STEIGERWALT, CAROLE )<br>L. STEIGERWALT and STATE FARM )<br>MUTUAL AUTOMOBILE INSURANCE )<br>COMPANY, )<br>)<br>Defendants. ) | 2:07-cv-217 |

## MEMORANDUM ORDER

Pending before the Court for disposition is the MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) (*Document No.* 2) filed by Defendants Bradley and Carol Steigerwalt ("Defendants"). Plaintiff has filed an "answer" to the Motion to Dismiss (*Document No. 10*) and Defendants have filed a reply brief (*Document No. 12*). The motion is ripe for resolution.

This is a declaratory judgment case in which Viking Insurance seeks a declaration that there is no coverage for Ned Spells and Timothy Johnson regarding an auto accident that occurred in February 2005. Viking further seeks a declaration that it does not owe any indemnity to the other named defendants. Viking initiated this lawsuit in federal court on the basis of 28 U.S.C. § 1332. The parties agree that the base liability limit stated on the Declarations page of the Viking policy is $15,000.

Defendants argue that because Viking is, in essence, seeking a declaration that it does not owe $15,000, this Court lacks subject matter jurisdiction because the amount in controversy

cannot meet the jurisdictional threshold of $75,000. In response, Viking points to Defendants' allegations that Viking is liable to indemnify Spells for all amounts that Spells may owe to Defendants. Viking cites claims from counsel for Spells that damages may exceed $700,000 and cites a demand made against it by defendant State Farm in the amount of $117,724.76. After the briefing of the instant motion was completed, counsel filed an Answer on behalf of defendants State Farm and the Steigerwalts, in which they admitted that the amount in controversy is in excess of $75,000 and clarified that the amount being claimed is in excess of $217,724.76. Answer ¶ 3. Apparently, this is the amount which State Farm paid to the Steigerwalts on an uninsured motorist claim, for which it seeks indemnification.

Neither party cited to any applicable legal authority. Based on the Court's independent research, it appears that in determining the amount in controversy in a declaratory judgment action, a court must look at the value of the underlying claims for which insurance coverage is sought. *See e.g., Liberty Mut. Fire Ins. Co. v. Yoder*, 112 Fed. Appx. 826 (3d Cir. 2004) (unpublished); *State Farm Fire & Cas. Co. v. Corry*, 324 F. Supp.2d 666, 669 n.3 (E.D. Pa. 2004). Thus, in *Yoder*, the Court of Appeals upheld the exercise of subject matter jurisdiction by looking to the underlying claims even though the plaintiff-insurer sought a declaration that it was not liable pursuant to an uninsured motorist provision with a $35,000 cap. The Court further explained: "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* at 828.

The same result is mandated here. It is apparent at this stage of the case, particularly from the answer filed on behalf of State Farm and the Steigerwalts, that the amount in controversy does exceed the jurisdictional threshold. However, subject-matter jurisdiction is non-waivable and the Court has an independent duty to ensure that it may continue to exercise jurisdiction. *See*

*Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).

Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) (*Document No.* 2) is **DENIED**.

SO ORDERED this 23rd day of May, 2007.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Robert W. Deer, Esquire
       Email: bobdeer@bobdeer.com

NED L. SPELLS, JR.

TIMOTHY E. JOHNSON

ENTERPRISE RENT-A-CAR
       Jeffrey B. Balicki, Esquire
       Email: jbalicki@fgsmlaw.com

BRADLEY A. STEIGERWALT
CAROLE L. STEIGERWALT
       Alan H. Perer, Esquire

       Email: pererah@aol.com
       Carlyle J. Engel, Esquire
       Email: cjengel@spkpowerlaw.com
       Thomas A. McDonnell, Esquire
       Email: tmcdonnell@summersmcdonnell.com

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
       Thomas A. McDonnell, Esquire
       Email: tmcdonnell@summersmcdonnell.com